```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
                   NORTHERN DIVISION
                     AT COVINGTON
```

CIVIL ACTION NO. 2011-171 (WOB-CJS)

JANIE DOE, ETC., ET AL.                            PLAINTIFF

VS.                  MEMORANDUM OPINION AND ORDER

WALTON VERONA BOARD OF                             DEFENDANT
EDUCATION, ET AL.

This matter is before the court on defendant Vance Sullivan's motion for abstention of exercise of supplemental jurisdiction over plaintiffs' state law claims against defendant Vance Sullivan (Doc. 56). The Court concludes that oral argument on this motion is unnecessary.

### *Factual and Procedural Background*

In this action, plaintiffs, Janie Doe and her parents John and Elizabeth Doe, allege that defendant Vance Sullivan sexually harassed, stalked, threatened, and slandered Janie Doe. After learning of the harassment, plaintiffs assert that school officials and the Kentucky High School Athletic Association ("KHSAA") never took action to protect Janie Doe or discipline Vance Sullivan even after he was criminally charged. Furthermore, plaintiffs allege that some school officials even condoned Vance Sullivan's harassment and intimidation of Janie Doe.

As a result, plaintiffs claim that they suffered harm from defendants' conduct and Janie Doe was deprived of her right to equal access to educational resources and opportunities. Plaintiffs thereafter brought this action, asserting: (1) assault and battery against Vance Sullivan; (2) false imprisonment against Vance Sullivan; (3) violation of Title IX against Walton Verona Board of Education and the Kentucky High School Athletic Association; (4) civil rights violations under 42 U.S.C. § 1983 against school officials Bill Boyle, Dan Sullivan, Mark Krummen, Dan Trame, and Kyle Bennett; (5) assault against John Anderson; and (6) intentional infliction of emotional distress and outrage against Vance Sullivan and John Anderson.

Defendant Vance Sullivan filed a motion for abstention of exercise of supplemental jurisdiction over plaintiffs' state law claims against Vance Sullivan (Doc. 65).[1]  The motion is ripe for review.

### *Analysis*

A district court's decision to exercise supplemental jurisdiction is one of discretion. *Ritchie v. United Mine Workers*, 410 F.2d 827, 829 (6th Cir. 1969).  A district court shall have supplemental jurisdiction over claims not within its

---

[1] This Court has handled and ruled on other preliminary matters and motions in this action, none of which are relevant to the present motion.

original jurisdiction if the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2006).  A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2006).

State and federal claims form part of the same case or controversy when the claims are derived from a common nucleus of operative fact.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997).  Plaintiffs' state law claims against defendant Vance Sullivan require proof of the actual repeated harassment of Janie Doe, and plaintiffs' federal claims require proof of the school officials' and the KHSAA's deliberate indifference towards that alleged harassment.  The state law claims against Vance Sullivan involve alleged facts relevant to the school officials' and the KHSAA's knowledge of and deliberate indifference to the alleged harassment.  Therefore,

the claims are derived from a common nucleus of operative fact and, as such, form part of the same case or controversy.

Defendant Vance Sullivan argues that this Court should decline the exercise of supplemental jurisdiction under the § 1367(c)(4) exceptional circumstances exception. Defendant Vance Sullivan argues that the likelihood of jury confusion is a compelling reason for this Court to decline the exercise of supplemental jurisdiction. A potential for jury confusion can arise when the jury must address "divergent legal theories of relief." *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966).

The likelihood of jury confusion in this case is not sufficiently compelling to rise to the level of an exceptional circumstance. Plaintiffs' state law claims simply require the jury to determine whether Vance Sullivan's conduct is sufficient to establish each intentional tort, whereas plaintiffs' federal claims require the jury to determine whether the school officials' and KHSAA's actions in response to Vance Sullivan's conduct violate Title IX and 42 U.S.C. § 1983. The jury will not have to address divergent legal theories for plaintiffs' claims against Vance Sullivan.

Additionally, in exercising supplemental jurisdiction, a court should consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351

4

(1988).  Judicial economy supports the exercise of supplemental jurisdiction in this case.  If this Court were to decline supplemental jurisdiction over plaintiffs' state law claims against Vance Sullivan, plaintiffs would have to file a separate suit against Vance Sullivan in state court.  Plaintiffs then would have to litigate the entirety of that suit in state court while simultaneously litigating this action in federal court over many of the same facts.  In the interest of judicial economy, convenience, and fairness to the parties, plaintiffs' state and federal claims should be tried in one action.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that defendant Vance Sullivan's motion for abstention of exercise of supplemental jurisdiction (Doc. 56) be, and is hereby, **DENIED.**

This 24th day of September, 2012.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

5