IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTH DIVISION AT COVINGTON

| | | |
|---|---|---|
| JANIE DOE, | : | CASE NO: 2:11-cv-00171-WOB |
| Through and on behalf of, her parents, | : | |
| JOHN DOE | : | |
| and | : | |
| ELIZABETH DOE | : | *Electronically filed* |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALTON VERONA BOARD OF | : | |
| EDUCATION, ET AL. | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT, WALTON VERONA BOARD OF EDUCATION'S,
MOTIONS *IN LIMINE* AND SUPPORTING MEMORANDUM**

Defendant Walton Verona Board of Education ("WVBE"), through counsel, respectfully moves this court for an order, *in limine,* to exclude all evidence regarding the following matters:

1. all references to harassment occurring after both Janie Doe and Vance Sullivan had withdrawn from WVBE and to non-sexual harassment whenever it occurred.

2. all references to harassment that did not occur during school hours or on school grounds including students' posts on Facebook.

3. all references to incidents of which defendant did not have knowledge.

4. related to Vance Sullivan invoking his Fifth Amendment privilege against self-incrimination.

**MEMORANDUM IN SUPPORT**

Defendant Walton-Verona Independent Board of Education respectfully submits this Memorandum in Support of its Motions *In Limine*.

**I.    WVBE'S First Motion in Limine: To Exclude From Evidence All References to**

**Harassment Occurring After Janie Doe Had Withdrawn From WVBE And to Non-Sexual Harassment.**

A. WVBE requests that the Court preclude Plaintiff from basing her Title IX claim on, or recovering damages based on, any acts of sexual harassment that occurred after Janie Doe withdrew from WVBE in early January, 2014. Title IX liability for student-on-student sexual harassment is limited "to circumstances wherein the [funding] recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999). In a case where a funding recipient "does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference 'subject[s]' its students to harassment. That is, the deliberate indifference must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it." *Davis*, 526 U.S. at 644-45 (citations omitted). Following Janie Doe's withdrawal from WVBE she was no longer a student to whom WVBE owed a duty under Title IX. Consequently, because Janie Doe was no longer enrolled as a student, WVBE could not be deliberately indifferent to her because it could not subject her to harassment, cause her to undergo harassment, or make her more liable or vulnerable to harassment. See, *Dawn L. v. Greater Johnstown Sch. Dist.*, 2008 WL 26220170 (W.D. Pa. 2008) (school district entitled to summary judgment on claims of peer harassment for acts occurring after student left team, since evidence irrelevant and inadmissible. *Id*. at *4).

Examples of alleged acts of harassment that occurred after Janie Doe was no longer a student at WVBE include, but are not limited to, the following: (1) students wearing "Keep 5 Alive" t-shirts, warm up jerseys, jerseys, and chanting "Keep 5 Alive", presumably in honor of Vance Sullivan, at the Senior Night basketball game in February of 2011; (2) allowing a team

member to wear the number five (5) jersey Vance had previously warn on the boys' basketball team during that same game; (3) any comments made about Vance at the sports banquet in the Spring of 2011; and (4) the basketball camp flyer distributed in May of 2011 that inadvertently included a photograph of Vance.

Based upon the foregoing, reference to the acts of alleged harassment occurring after the withdrawal of both Janie from WVBE must be excluded from evidence at trial.

B.  While some of the incidents of non-sexual harassment overlap with the incidents occurring after Plaintiff withdrew from WVBE, all of these incidents should be precluded from being introduced into evidence at trial on the basis of their non-sexual nature. These incidents include, but are not limited to the following: (1) Janie Doe's friends refusing to sit with her at lunch; (2) students "shoulder checking" her in the hallway; (3) students calling her a "slut"; (4) students slamming her locker shut; (5) students pushing and shoving her at basketball games and practices; (6) students' physical threats posted on Facebook; (7) students wearing "Keep 5 Alive" t-shirts, warm up jerseys, jerseys, and chanting "Keep 5 Alive"; (8) a basketball player wearing the number 5 jersey at the Senior Night basketball game; (9) any comments made about Vance at the sports banquet; and (10) the basketball camp flyer that inadvertently included a photograph of Vance. These purported acts of harassment were not based on sex as required under Title IX, but more reasonably represent either misguided students' attempts to support Vance Sullivan or lapses in judgment by Coach Trame.

Title IX of the Education Amendments Act of 1972 provides that "No person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal

financial assistance."20 U.S.C. § 1681 (Emphasis added). The Eighth Circuit has determined that, pursuant to the language of Title IX, there is "...a requirement of underlying intent, and therefore motivation, on the part of the actor to discriminate because of one's sex or gender." *Wolfe v. Fayetteville, Arkansas Sch. Dist.*, 648 F.3d 860, 865 (8th Cir. 2011) (Citations omitted). The Court in *Wolfe* held that "...proof of sex-based motivation is required for a Title IX deliberate indifference claim." *Id.*

Under Title IX, actionable peer-to-peer sexual harassment must be "...based on sex...and 'not merely tinged with offensive sexual connotations.'" *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011), quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 66 (1st Cir. 2002). "...Acts of name-calling do not amount to sex-based harassment, even if the words used are gender-specific, unless the underlying motivation for the harassment is hostility toward the person's gender." *Wolfe*, 648 F.3d at 867 (Citations omitted).

Plaintiff cannot show that offensive behavior giving rise to her Title IX claim was based on sex, rather than personal animus or other reasons. *Frazier,* 276 F.3d at 66. In this case, basketball players were upset that they lost a teammate and students were upset that they lost a friend. The harassment was motivated by student animus towards Janie Doe, not her sex, or reflect lapses in judgment by a coach. They should be excluded from evidence on these grounds.

Moreover, this Court's August 16, 2013, Memorandum Opinion and Order already determined that "...allowing Vance to go on the December basketball trip, certifying to the KHSAA that Vance was not transferring schools because of a Board action, and not sufficiently quelling the "Keep 5 Alive" movement at the school are not actions which a reasonable person

would believe violated Janie's clearly established constitutional rights. In fact, while Janie may have been upset about these actions, they do not constitute direct harassment of Janie." (Doc. 154, Memorandum Opinion and Order, August 16, 2013, p. 18). Thus, many of the incidents relied upon by Plaintiff to support her Title IX claim should be excluded based on this determination, as well.

Defendant will suffer irreparable prejudice if Plaintiff is permitted to mention, introduce, refer to, or otherwise bring to the attention of the jury evidence of any of the acts of harassment described above. Fed. R. Evid. 402 provides that "[i]rrelevant evidence is inadmissible." Evidence of non-sexual harassment is not relevant to Janie Doe's cause of action under Title IX, and must be excluded.

**II.**     **WVBE'S Second Motion in Limine: To Exclude From Evidence All References to Alleged Harassment That Did Not Occur During School Hours and On School Grounds Including Students' Posts of Facebook.**

Title IX liability for student-on-student sexual harassment is limited "to circumstances wherein the [funding] recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999). In *Davis*, the Supreme Court determined that harassment which took place "during school hours and on school grounds," were under the school district's "substantial control." *Davis*, 526 U.S. at 645-46. Conversely, "[w]hen conduct occurs at a school in another district or off school grounds entirely, the school district has control over neither the harasser, nor the context." *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 365-66 (6th Cir. 2012).

In this case, the following acts of alleged harassment did not occur during school hours, while on school grounds or at school events: (1) January 7, 2011, incident where Janie Doe and

-5-

her mother were driving and allege that John Anderson attempted to run them off the road; (2) allegations of people driving past Janie Doe's house yelling insults; (3) the altercation between Janie's Mother and Vance's extended family occurring on the premises of a Mexican restaurant; and (4) posts made on social networking websites.

WVBE's students, like may students in almost all schools across the country, use social networking sites such as Facebook, Twitter, Instagram, and MySpace. While in school, WVBE restricts its students' access to social networking sites on its computers. WVBE anticipates that Plaintiff Janie Doe will seek to introduce evidence of Facebook and "blog" posts in support of her Title IX claim. WVBE also anticipates that Janie Doe will seek to elicit testimony from students regarding posts on their Facebook and MySpace accounts regarding various matters regarding her and Vance Sullivan. The posts and testimony should not be allowed into evidence because WVBE restricts its students' access to social networking sites like Facebook. Moreover, all of the Facebook posts that Janie Doe will seek to introduce were not made by the students during school hours while on school grounds. WVBE cannot exercise control over what its students post on a website from a private computer. See *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) ("A plaintiff seeking recovery for a violation of Title IX based on student-on-student harassment must prove that the alleged harassment took place in a location within the control of a recipient of federal funds.") (Citing *Davis,* 526 U.S. at 645).

In *Power ex rel. Power v. Gilbert Pub. Sch.*, CV072584-PHXJAT, 2009 WL 5185297 (D. Ariz. Dec.22, 2009), Plaintiff reported her high school basketball coach for making inappropriate sexual comments which resulted in the school district terminating the coach's employment. When Plaintiff's teammates learned that she had reported their coach, one player wrote on her

MySpace page that [Plaintiff] was a "bitch." In awarding the school district summary judgment, the Court held that "...the District cannot exercise control over what students post on website[s] from a private computer and therefore could not have disciplined the player for her post." *Power*, 2009 WL 5185297 at *6.

In this case, WVBE could not censor the contents of its students' social networking accounts. Admission of such evidence over which WVBE had no control is contrary to the Supreme Court's holding in *Davis*. Moreover, admitting the Facebook posts into evidence would be unfairly prejudicial to WVBE and would mislead the jury into believing that WVBE had a role in the contents of the students' social networking posts. Fed. R. Evid. 403.

Based upon the foregoing, all references to alleged acts of harassment that did not occur during school hours, on school grounds or at school events, including all Facebook and other social networking posts, must be excluded from evidence at trial.

### III. WVBE'S Third Motion in Limine: To Exclude References to Incidents of Which Defendant Did Not Have Knowledge.

Plaintiff and Plaintiff's witnesses have offered general testimony that there were other instances in which Vance Sullivan purportedly subjected other girls to sexual harassment which were never reported to WVBE. Specifically, Plaintiff contends that Vance sexually harassed BZ (V. Sullivan Dep., P. 199); BS (*Id.*, at 202); and AW (*Id.*, at 203). It is anticipated that Plaintiff and her witnesses will continue to offer testimony regarding instances of alleged sexual harassment that were never reported to WVBE.

An action under Title IX requires that the funding recipient have actual knowledge of the sexual harassment to be held liable. See *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999), See also *Martin v. Swartz Creek Cmty. Schs.,* 419 F.Supp.2d 967, 972-74 (E.D.Mich.

2006) (noting that the Supreme Court has rejected a "knew or should have known" standard in the context of teacher-student harassment and citing *Davis,* 526 U.S. at 642); *Soper v. Hober,* 195 F.3d 845, 855 (6th Cir.1999) (finding that the knowledge element could not be met when the "defendants did not have actual knowledge of the harassment until after the fact"). Accordingly, in this case, only instances of alleged sexual harassment of which WVBE had actual knowledge are relevant in this case. WVBE cannot institute corrective measures to remedy misconduct of which is has no knowledge, nor should it be held liable for failing to do so.

Evidence, comment, and argument regarding prior incidents of Vance Sullivan allegedly sexually harassing other students, of which WVBE had no knowledge, are irrelevant to the Title IX issues to be decided by the jury at trial. WVBE requests that the Court direct Plaintiff, and all witnesses called by Plaintiff, and Plaintiff's counsel to refrain from mentioning, referring to, asking questions about, or interrogating witnesses directly or indirectly regarding harassment if they are unable to establish that Defendant had knowledge of such harassment.

### IV.     WVBE'S Fourth Motion in Limine: To Preclude Evidence of Vance Sullivan's Invocation of His Fifth Amendment Privilege.

Evidence, comment, and argument regarding Vance Sullivan invoking his Fifth Amendment privilege against self-incrimination during his deposition is irrelevant to the Title IX issues to be decided by the jury at trial. "Relevant Evidence" is defined as that which has "...any tendency to make evidence of any fact this is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy, "...exists only as a relation between an item of evidence and a matter properly provable in the case." Advisory Committee Notes, Fed. R. Evid. 401. The determination of relevancy involves an inquiry into whether evidence "...possesses sufficient probative value to

justify receiving it in evidence." *Id*. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. As previously argued, alleged sexual harassment of which WVBE was not aware is not a matter that is properly provably under Title IX, and such evidence has no probative value. Vance Sullivan's invocation of his Fifth Amendment privilege when questioned about this alleged harassment is also irrelevant and should be excluded from evidence at trial. Furthermore, any reference to Vance Sullivan's invocation of his Fifth Amendment privilege is irrelevant to the issues to be decided by the jury at trial and should be excluded from evidence on this basis as well.

Under the Federal Rules of Evidence, even relevant evidence may be excluded "...if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this case, the probative value is substantially outweighed by the danger of unfair prejudice to WVBE. The testimony in question is not on an issue in the case as it involves allegations of sexual harassment of which WVBE had no knowledge. Vance Sullivan did not invoke the privilege with regard to his testimony concerning the harassment of Janie Doe, or the two other students who Vance harassed and of which WVBE has records substantiating the same. This evidence has the risk misleading the jury into believing that there are multiple acts of prior sexual harassment of which the school should have known about which, in turn, would unfairly prejudice WVBE as it had no knowledge of the allegations of prior harassment. Thus, the probative value of this evidence is substantially outweighed by the risk of unfair prejudice.

Based upon the foregoing arguments, WVBE requests that the Court enter an Order

directing Plaintiff, and all witnesses called by Plaintiff, and Plaintiff's counsel to refrain from mentioning, referring to, asking questions about, or interrogating witnesses directly or indirectly regarding Vance Sullivan's invocation of his Fifth Amendment privilege against self-incrimination.

>Respectfully submitted,
>
>_/s/ Suzanne Cassidy_____
>SUZANNE CASSIDY (KY 85134) (OH 0062355)
>J. ERIC ROTTINGHAUS (KY 89252)
>O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
>25 Town Center Boulevard, Suite 201
>Covington, KY 41017
>Tel: (859) 331-2000
>Fax: (859) 578-3365
>email: scassidy@ortlaw.com
>ATTORNEYS FOR DEFENDANT, WALTON-VERONA
>INDEPENDENT BOARD OF EDUCATION

## CERTIFICATION

I hereby certify that I have, this 6th day of June, 2014, mailed a copy of the foregoing pleading to the following attorneys of record through the Court's ECF filing system:

Richard A. Brueggemann, Esq.
Scott R. Thomas, Esq.
E. Jason Atkins, Esq.
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Ft. Mitchell, KY 41017

>/s/ Suzanne Cassidy_____
>SUZANNE CASSIDY
>O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT